**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

| | | |
|---|---|---|
| JOHN DOERING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-CV-1018 |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| DUNLAP COMMUNITY FIRE | ) | |
| PROTECTION DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and

Recommendation on the Defendants' Motion to Dismiss Plaintiff's

Complaint (d/e 8) (Motion).  Plaintiff John Doering brings a claim under

42 U.S.C. § 1983 for denial of property without due process and, also, two

supplemental state law claims.  The claims arise the Defendants' action not

to reappoint Doering as Fire Chief of the Dunlap Fire District.  For the

reasons set forth below, the Court recommends that the Motion should be

allowed.  The § 1983 claim should be dismissed for failure to state a claim

and the Court should decline to exercise supplemental jurisdiction over the

state law claims.

## STATEMENT OF FACTS

The Dunlap Fire District (District) is a municipality in Peoria County, Illinois, established under the Illinois Fire Protection District Act (Act). 70 ILCS 705/0.01 et seq. Doering began working as a volunteer fireman for the District on October 1, 1976. He was appointed Fire Chief of the District on June 4, 2003. He continued working as Fire Chief until the District's Board of Trustees voted not to reappoint him on June 8, 2011, thereby terminating his employment with the District. Complaint (d/e 1), ¶¶ 4, 8, 13. Prior to his termination, the District paid Doering an annual salary of $1,200.00 plus $12.00 per 200 calls a year for a total of $2,400.00 per year. As Chief, Doering was also given the use of a 2004 Chevrolet Suburban vehicle. Complaint, ¶ 19.

The Defendants are Gary Pullen, James H. Winters, Ann Joyce, and the Board of Trustees (Board) of the District. Pullen was President of the Board, Winters was Treasurer of the District, and Joyce was Secretary of the District. Complaint, ¶¶ 4-7. Winters and Joyce were also apparently the members of the Board. The Complaint alleges that a special meeting of the Board was held on June 8, 2011. At that meeting Pullen, Winters and Joyce voted to not reappoint Doering. Complaint, ¶ 13. Doering alleges that Pullen, Winters, and Joyce acted as policy making agents of

the District at the June 8, 2011, Board meeting when they voted not to reappoint Doering.  Complaint, ¶ 14.

Doering brings three claims based on these allegations.  He alleges a § 1983 claim against the Board and the three individual Defendants for denial of property without due process; he alleges a breach of contract claim against the Board; and he alleges a tortious interference claim against the three individual Defendants.  Complaint, ¶¶ 16-18.  Doering is suing Pullen, Winters, and Joyce in their individual capacities.  Complaint, ¶¶ 5-7.  The Defendants move to dismiss for failure to state a claim.

ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff  "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).  In this case the Complaint fails to state a claim for denial of property without due process.

The Fourteenth Amendment states that no state shall deprive a person of property without due process of law.  U.S. Const. Amend XIV. To state a claim for violation of due process, Doering must allege that he had a property interest in his position as Fire Chief, he was deprived of his property interest, and that deprivation was without due process of law. Luellen v. City of East Chicago, 350 F.3d 604, 613 (7th Cir. 2003).

Section 6(b) of the Act authorizes the Board to appoint a fire chief and firemen:

> (b) Except as otherwise provided in Sections 16.01 through 16.18, the board may appoint and enter into a multi-year contract not exceeding 3 years with a fire chief and may appoint any firemen that may be necessary for the district, who shall hold office during the pleasure of the board and who shall give any bond that the board may require. The board may prescribe the duties and fix the compensation of all the officers and employees of the fire protection district.

70 ILCS 705/6(b).  Section 6 authorized the Board to enter into a multi-year

contract with a fire chief, but the Complaint does not allege that the Board

entered into any such contract with Doering.  The absence of any

allegation of a contract or an appointment for a fixed term indicates that

Doering was appointed for an indefinite term.  The Complaint further

alleges that the Board voted not to reappoint Doering.  A vote on

reappointment implies that Doering's term, if any, had ended and the Board

was deciding whether to reappoint him as Fire Chief.  Thus, the allegations

in the Complaint indicate that on June 8, 2011, Doering was Fire Chief of

the District for an indefinite term and was up for reappointment to the

position.

Employment for an indefinite term is presumed to be "at-will" in

Illinois.  Moss v. Martin, 473 F.3d 694, 700 (7th Cir. 2007).  An employee in

an at-will employment relationship has no legitimate expectation of

continued employment, and so, no property interest in that employment.

Rujawitz v. Martin, 561 F.3d 685, 688-89 (7th Cir. 2009).  Furthermore, an

employee who continues in a position after his term expires, with no

statutory or contractual right to reappointment, has no property interest by

virtue of the expired appointment.  Pleva v. Norquist, 195 F.3d 905, 914

(7th Cir. 1999).  Doering does not cite to any applicable statutory right to

reappointment and does not allege any contractual right.  Based on the

allegations in the Complaint, Doering had no property interest in the

position as Fire Chief when he was terminated.

Doering also argues that he held the position as a fireman that was

separate and distinct from his position as Fire Chief. Even so, Section 6

states that, "the board may appoint . . . any firemen that may be necessary

for the district, who shall hold office during the pleasure of the board . . . ."

70 ILCS 705/6. Thus, Doering served in the position as a fireman at the

pleasure of the Board. As such, he was an at-will employee with no

property interest in his position. See Pleva, 195 F.3d at 915. Doering had

no property interest in his employment with the District either as Fire Chief

or as a fireman. Hence, he was not denied any property without due

process when his employment was terminated.

The parties argue extensively about the effect of §§ 16.04a and

16.13b of the Act on this case; however, those exceptions to § 6 do not

apply in this case.[1] Sections 16.01 through 16.18 only apply to full-time

---

[1]Section 16.04a states in part:

The board of fire commissioners shall appoint all officers and members of
the fire departments of the district, except the Chief of the fire department.
The board of trustees shall appoint the Chief of the fire department, who
shall serve at the pleasure of the board, and may enter into a multi-year
contract not exceeding 3 years with the Chief.

70 ILCS 705/16.04a.

Section 16.13b states in part:

paid firemen in fire protection districts that employ full-time paid firemen.

Section 16.01 states, "Every fire protection district having a fire department

of which any officers or members are full time, paid members shall be

subject to Sections 16.01 to 16.18, inclusive." 70 ILCS 705/16.01.

Section 16.01 further states that the provisions only apply to full-time paid

firemen, "The provisions of Sections 16.01 through 16.18, inclusive, shall

apply only to full time, paid members of a fire protection district fire

department." 70 ILCS 705/16.01. Doering alleges that he was a volunteer

fireman. Complaint, ¶ 9. He also concedes that the District employs only

volunteers. Plaintiff's Response to Defendants' Motion to Dismiss (d/e 11),

at 5 n.2. Thus, §§ 16.04a and 16.13b do not apply to the District or to

Doering.

Doering fails to allege a property interest in his positions as a fireman

or as Fire Chief, and so, fails to state a claim for denial of property without

due process. The Court should dismiss Doering's § 1983 claim for failure

---

Unless the employer and a labor organization have agreed to a contract
provision providing for final and binding arbitration of disputes concerning
the existence of just cause for disciplinary action, no officer or member of
the fire department of any protection district who has held that position for
one year shall be removed or discharged except for just cause, upon
written charges specifying the complainant and the basis for the charges,
and after a hearing on those charges before the board of fire
commissioners, affording the officer or member an opportunity to be heard
in his own defense.

70 ILCS 705/16.13b.

to state a claim.  The Court should decline to exercise jurisdiction over his state law claims.  28 U.S.C. § 1367(c)(3).

WHEREFORE the Court recommends that the Defendants' Motion to Dismiss Plaintiff's Complaint (d/e 8) should be ALLOWED.  The Court should dismiss the § 1983 due process claim for failure to state a claim and should dismiss the supplemental state law claims for lack of jurisdiction.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.


ENTER: April 11, 2012



        s/ Byron G. Cudmore
        BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE