UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOERING, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 12-1018 |
| | ) |
| BOARD OF TRUSTEES OF DUNLAP | ) |
| COMMUNITY FIRE PROTECTION | ) |
| DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On April 11, 2012, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than 14 days have elapsed since the filing of the Report & Recommendation, and no objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging that he was deprived of property without due process when he was not reappointed to the position of Fire Chief in the Dunlap Fire District, thereby terminating his employment. Defendants moved to dismiss the Complaint, arguing that Plaintiff had no property interest in his employment because he served at the pleasure of the Board. The Magistrate Judge concluded that based on the

allegations of the Complaint, Plaintiff served for an indefinite term and was therefore presumed to be an "at-will" employee under Illinois law. Absent a statutory or contractual right to employment that was not alleged in the Complaint, Plaintiff would have no cognizable property interest in his position. As a result, it was recommended that the federal due process claim be dismissed and that the Court decline to exercise supplemental jurisdiction over the two state law claims. The Court concurs with the Magistrate Judge's recommendation.

Accordingly, the Court now adopts the Report & Recommendation [12] of the Magistrate Judge in its entirety. Defendant's Motion to Dismiss [8] is GRANTED, and the Court declines to exercise supplemental jurisdiction over the state law claims for breach of contract and tortious interference pursuant to 28 U.S.C. § 1367(c)(3). This matter is now DISMISSED WITHOUT PREJUDICE.

ENTERED this 30th day of April, 2012.

        s/ James E. Shadid
        James E. Shadid
        United States District Judge